UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BOBO, #43716-424,

       Petitioner,

v.                                         CASE NO. 2:19-CV-12962
                                             HON. GEORGE CARAM STEEH

J. A. TERRIS,

       Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Federal prisoner Michael Bobo ("petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentencing enhancement. He seeks re-sentencing.

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that

the applicant or person detained is not entitled thereto"); Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. Carson v. Burke, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the habeas petition must be dismissed.

## II. Facts and Procedural History

In 2012, the petitioner pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for the Northern District of Illinois. The trial court sentenced him, as an armed career criminal under 18 U.S.C. § 924(e)(1), to the statutory minimum of 180 months imprisonment. The petitioner filed a direct appeal with the United States Court of Appeals for the Seventh Circuit challenging one of the three convictions

used to enhance his sentence, but the Seventh Circuit denied relief on that claim and dismissed his appeal. United States v. Bobo, 556 F. App'x 502 (7th Cir. May 21, 2014). The United States Supreme Court denied certiorari. Bobo v. United States, _ U.S. _, 135 S. Ct. 692 (Nov. 17, 2014). The petitioner states that he has not filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the federal court in Illinois. See Pet., p. 3.

The petitioner dated the instant habeas petition on October 6, 2019. In his pleadings, he asserts that he is entitled to habeas relief because one or more of his three Illinois predicate offenses do not qualify as "serious drug offenses" which can be used to enhance his sentence under the Armed Career Criminal Act ("ACCA") and he is therefore entitled to relief based upon Mathis v. United States, _ U.S._ 136 S. Ct. 2243 (2016).

### III. Discussion

The petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claim, however, concerns the validity of his federal felon in possession sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. Capaldi v. Pontesso, 135 F.3d 1122, 1123

(6th Cir. 1998); see also McCully v. United States, 60 F. App'x 587, 588 (6th Cir. 2003) (citing United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); see also Wooton v. Cauley, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct sentence. Charles, 180 F.3d at 758.

The petitioner neither alleges nor establishes that his remedy under § 2255 is inadequate or ineffective. He bears that burden. In Re Gregory, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. Charles, 180 F.3d at 756. Moreover, § 2255 allows a criminal defendant to seek relief based upon a change in the law and even to bring a second or successive motion under limited circumstances.

The possibility that the petitioner may not be able to satisfy the procedural requirements of § 2255 does not mean that he should be allowed to proceed under § 2241. See Peterman, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that allowed by § 2255. Charles, 180 F.3d at 758.

The petitioner seems to assert that he should be allowed to proceed under § 2241 via the "savings clause" of § 2255 because he is actually innocent of his sentencing enhancement under the ACCA based upon Mathis. This argument, however, puts the cart before the horse. The petitioner fails to show that his remedy under § 2255 is inadequate or ineffective. In fact, he admits that he has not filed a motion to vacate his sentence pursuant to § 2255 in the federal court in Illinois. Given that the petitioner may be allowed to proceed on such a motion, he fails to establish that his remedy under § 2255 is inadequate or ineffective. He is thus not entitled to proceed under § 2241 at this time. This case must be dismissed.

## IV. Conclusion

For the reasons stated, the Court concludes that the petitioner is challenging the validity of his federal felon in possession sentence and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His claims are improperly brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus. Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, the petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

Dated: November 26, 2019

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 26, 2019, by electronic and/or ordinary mail and also on Michael Bobo #43716-424, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Brianna Sauve  
Deputy Clerk